[Cite as *State v. James*, 2017-Ohio-5747.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 105019

---

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**DARRELL L. JAMES**

DEFENDANT-APPELLANT

---

**JUDGMENT:**
AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-16-605993-C

**BEFORE:** Stewart, J., E.A. Gallagher, P.J., and Boyle, J.

**RELEASED AND JOURNALIZED:** July 6, 2017

**ATTORNEY FOR APPELLANT**

Mary Elaine Hall
245 Leader Building
526 Superior Avenue, East
Cleveland, OH 44114


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor

Brandon Piteo
Assistant County Prosecutor
Justice Center, 9th Floor
1200 Ontario Street
Cleveland, OH 44113

MELODY J. STEWART, J.:

{¶1} Defendant-appellant Darrell L. James pleaded guilty to attempted carrying a concealed weapon, a fifth-degree felony. Noting that the offense caused James to violate the terms of probation in another case,[1] the court stated: "You have to do six months, and you will do nine months because you were already on probation. That's why you're getting a little more, okay. Because I gave you a chance and you threw it away." James argues on appeal that the court ordered the additional three months as a sentence for the probation violation in the prior case and ordered that sentence to be served consecutive to a six-month sentence for the fifth-degree felony count in this case. He maintains that an order of consecutive service violated R.C. 2929.41(A), which requires, with inapplicable exceptions, a jail term for a misdemeanor to be served concurrently with a prison term or sentence of imprisonment for felony.

{¶2} We reject James's argument because the court did not impose a three-month term for a misdemeanor probation violation consecutively to a six-month prison term. Read in context, the court imposed a single, definite sentence for the offense of attempted carrying a concealed weapon. The court's statement that "you have to do six months" was a reference to the six-month minimum sentence for a fifth-degree felony. *See* R.C. 2929.14(A)(5). The court decided not to impose the six-month minimum prison term, telling James that it "gave you a chance and you threw it away." This was a reference to James having violated the terms of his probation in a different case before the same trial judge. Hence the court's statement that "you will do nine months because you were already on probation[.]" Our conclusion is further supported by the terms of the court's sentencing entry where it stated: "The Court imposes a

---

[1] James pleaded guilty to a first-degree misdemeanor count of attempted drug trafficking in Cuyahoga C.P. No. CR-13-573183. He received a jail term of 180 days, with execution of sentence suspended, and was placed on probation for three years.

prison sentence at the Lorain Correctional Institution of 9 month(s)." The court used the word "sentence" to indicate a single sentence. Tellingly, the sentencing entry makes no reference to James's prior case, nor does the word "consecutive" appear at all in that context.

{¶3} For the same reasons, we reject James's argument that defense counsel was ineffective because she failed to file a sentencing memorandum that preemptively raised the issue of whether the court could order consecutive-service sentences for misdemeanor and felony offenses. Having found that the court imposed a definite sentence for a single offense and did not order consecutive service of multiple prison terms, James has not shown any prejudice from defense counsel's failure to file a sentencing memorandum. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

{¶4} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MELODY J. STEWART, JUDGE

EILEEN A. GALLAGHER, P.J., and
MARY J. BOYLE, J., CONCUR